**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| In re:  Case No. A06-00455-DMD<br><br>MARK J. AVERY,<br><br>Debtor. | Chapter 7<br><br>**Filed On**<br>**1/19/07** |
| WILLIAM M. BARSTOW, III,<br><br>Plaintiff,<br><br>v.<br><br>PAUL STOCKLER,<br><br>Defendant. | Adv. No. A06-90059-DMD |

**MEMORANDUM ON MOTION FOR RECONSIDERATION**

On December 22, 2006, this court issued a preliminary injunction which directed defendant Paul Stockler to produce copies of bank statements, checks, and other records with respect to Stockler's trust account, e-trade account or any other account holding funds "derived from, or relating to, any Avery Entity or Kane Entity."  A motion for reconsideration of the preliminary injunction was filed on December 29, 2006, by Robert Kane.  A hearing on the motion was held on January 4, 2007, and supplemental briefs have been submitted by Kane and the plaintiff.  I have reviewed the pleadings and considered the testimony of Mr. Stockler.  I conclude that the attorney-client privilege asserted by Mr. Kane doesn't apply to Mr. Stockler's bank records and checks.  These records must be produced without further delay.

Stockler has represented, and continues to represent Kane in various court proceedings and civil matters. Kane objects to the production of certain of Stockler's bank records on two grounds; first, because he is a creditor rather than a debtor in this proceeding and, second, he asserts an attorney-client privilege with regard to certain of the bank records. Kane's first basis for objection is without merit. A bankruptcy trustee has extensive powers to investigate a debtor's financial affairs from a variety of sources. Any entity can be examined with regard to a debtor's acts, conduct or property, and financial condition and affairs.[1] Under 11 U.S.C. § 542(e), any person holding records relating to a debtor's financial property or affairs can be compelled to disclose these records to a bankruptcy trustee.[2] Kane's status as a creditor does not foreclose the trustee's investigation of bank records, if those records contain information relating to the debtor's property or financial affairs.

Subsection § 542(e) does, as noted by Kane, state that the power to compel production is "subject to any applicable privilege." But this language is "merely an invitation for judicial determination of privilege questions."[3] The legislative history of § 542(e) establishes that this subsection "was intended to restrict, not expand, the ability of accountants and attorneys to withhold information from the trustee."[4]

---

[1]Fed. R. Bankr. P. 2004.

[2]11 U.S.C. § 542(e).

[3]*Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 351 (1985).

[4]*Id.*

As Kane is the party asserting an attorney-client privilege, he bears the burden of proof in establishing that certain of Stockler's bank records are within the scope of the privilege.[5] Not all communications between an attorney and his client are privileged, and the attorney-client privilege is strictly construed.[6]  At the January 4 hearing, this court set a supplemental briefing schedule and advised Kane that he must be specific as to which records he contended were covered by the privilege.  Kane has failed to meet his burden of proof in establishing that any of the records which the plaintiff seeks from Stockler are privileged communications.  There are several elements which must be satisfied for the attorney-client privilege to attach, one of which is that the communication must be made in confidence.[7]  Bank statements and checks are not communications made in confidence, and the Ninth Circuit has held that these records are not subject to the protection of the attorney-client privilege.[8]

Kane's argument appears to be that Stockler's bank records will reflect payments to Kane's various attorneys, accountants, experts and others who represented him in court proceedings, and that these records are therefore protected by the attorney-client

---

[5] *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002).

[6] *Id.*

[7] *Id.*

[8] *Harris v. United States*, 413 F.2d 316, 320 (9th Cir. 1969).  Had the trustee subpoenaed these bank records directly from Stockler's financial institutions, no privilege would attach. *See Leanders v. Yassai (In re Yassai)*, 225 B.R. 478, 483 (Bankr. C.D.Cal. 1998); *Estate of Reiserer v. United States*, 229 F.R.D. 172, 178-79 (W.D.Wa. 2005) (*citing Harris*, 413 F.2d at 319-20); *Boelter v. United States*, 2005 WL 1799739 (W.D. Wa. 2005).  Mr. Stockler's bank records aren't transformed into privileged communications simply because the trustee seeks them from him instead.

privilege. But the fact of the payment, by itself, generally will not invade the privilege. For a fee arrangement to qualify for the protection afforded by the attorney-client privilege, the information regarding client identity or legal fees must be "in substance a disclosure of the confidential communication in the professional relationship between the client and the attorney."[9] The "bare financial details" of a fee arrangement don't rise to the standard of a privileged communication.[10] Kane hasn't explained how the checks showing payments to his attorneys and other professionals would reveal more than the detail of the payment itself. These are not privileged communications.

Kane also requests that Stockler's bank records be reviewed *in camera* if the court finds he has not met his burden of proof on the issue of privilege. I find no basis for granting this request. Kane's motion for reconsideration will be denied. The plaintiff's motion to compel will be granted. Stockler must provide the plaintiff's counsel with the records listed in the preliminary injunction by no later than January 25, 2007. Should he fail to do so, the court will consider the imposition of monetary sanctions in the sum of $1,000.00 per day until he has fully complied with the terms of the injunction.

Finally, because Kane has failed to establish that the records which have been requested are privileged, the court intends to release the pleadings, transcripts, and orders which have been placed under seal on or after January 25, 2007, unless an interested party

---

[9] *United States v. Horn*, 976 F.2d 1314, 1317 (9th Cir. 1992), *citing In re Grand Jury Subpoena (Ousterhoudt)*, 722 F.2d 591, 593 (9th Cir. 1983).

[10] *Horn*, 976 F.2d at 1317. *See also United States v. Blackman*, 72 F.3d 1418, 1424 (9th Cir. 1995); *Ralls v. United States*, 52 F.3d 223, 225-26 (9th Cir. 1995).

files a motion to have such records remain under seal pursuant to Fed. R. Bankr. P. 9018 before that date.

An order will be entered consistent with this memorandum.

DATED:  January 19, 2007

BY THE COURT


 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  C. Christianson, Esq.
       P. Stockler, Esq.*
       S. Rader, Esq.
       D. Bundy, Esq.
       W. Barstow, Trustee
       U. S. Trustee
              01/19/07
*courtesy copy served via facsimile 1/19/07 - aam*